Filed 6/6/25  P. v. Story CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C101807 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-195303) |
| v. | |
| TROY STEVEN STORY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Troy Steven Story filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  *(People v. Wende* (1979) 25 Cal.3d 436.) Finding no arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

1

BACKGROUND

Late at night, two police officers (Officers Schnetz and Bergenstock) saw a pickup truck driving without a front license plate. They followed the vehicle, but could not read the rear license plate as it was obscured by a trailer hitch. They initiated a vehicle stop. Schnetz approached the driver, later identified as defendant, and Bergenstock approached the passenger. As he looked into the driver's side window to speak to defendant, Schnetz saw an unsheathed sword sitting on the dashboard within defendant's grasp. Schnetz reached in, took the sword from the dashboard, and placed it in the bed of the truck. Schnetz then took defendant's driver's license and began walking back to the patrol car to conduct a records check.

As he walked toward the patrol car, Schnetz saw Bergenstock "draw his firearm" and give "loud, verbal commands to the passenger." He also heard Bergenstock say there was a shotgun in the truck. Schnetz immediately returned to the driver's side and opened the door; he saw a shotgun on the driver's side floorboard "pushed up against the door by the driver's left foot." The gun was loaded with one round in the chamber and three in the "tubular magazine." Schnetz took the shotgun and put it in the bed of the truck. He removed defendant from the truck and handcuffed him. At that point, Schnetz learned defendant had a prior felony conviction and decided to place defendant under arrest.

After "form[ing] the intent to place [defendant] under arrest," Schnetz conducted a search of defendant's person. He found three small baggies containing methamphetamine, a glass pipe with residue on it, and a newer glass pipe. He also found a small scale inside the truck. Defendant told Schnetz the gun was registered to his fiancée; upon further investigation, Schnetz learned the gun was not registered to anyone.

The People subsequently charged defendant with several drug and firearm related offenses. Contemporaneous to the preliminary hearing, the trial court heard defendant's motion to suppress the evidence found during the traffic stop. The court denied the

motion to suppress and held defendant to answer to the charges in the second amended information.

On May 21, 2024, defendant pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11370.1, subd. (a); count one), possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count two), carrying a loaded, unregistered firearm (*id.*, § 25850, subd. (a); count three), and possession of ammunition by a felon (*id.*,§ 30305, subd. (a)(1); count four). Defendant also admitted to being previously convicted of two strike felonies and to three circumstances in aggravation.

At sentencing, the trial court found the appropriate term to be the middle term. The court sentenced defendant to an aggregate term of six years in state prison: (1) the middle term of three years on count one, doubled for the prior strike offenses, and (2) two years doubled to four on each of the remaining three counts, which the court stayed under Penal Code section 654. The court awarded defendant 512 days of custody credit and imposed but stayed numerous fines and fees.

Defendant appealed; he did not request a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Mauro, Acting P. J.


_____/s/_____
Krause, J.

4